UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-61912-MORENO/STRAUSS

ART REMEDY LLC,

    Plaintiff,
v.

LANA MOES ART, LLC, *et al.*,

    Defendants.
_____/

## ORDER DENYING MOTION TO QUASH

THIS MATTER came before the Court upon Defendants' Motion to Quash ("Motion to Quash") [DE 112]. All proceedings supplementary have been referred to the undersigned [DE 110]. The Court has reviewed the Motion, Plaintiff's response thereto [DE 114], and the other pertinent portions of the record in this case. The deadline to file a reply has passed, and no reply has been filed. Therefore, the Motion is now ripe for review.

On October 30, 2019, the Court entered Final Judgment [DE 97] in favor of Plaintiff and against Defendants. On May 21, 2020, Plaintiff filed its Motion to Commence Proceeding Supplementary to Execution ("Proceedings Supplementary Motion") [DE 107]. Defendants, through their counsel, received notice of the Proceedings Supplementary Motion via CM/ECF. No responses to the Proceedings Supplementary Motion were filed by the June 4, 2020 response deadline (or thereafter). Consequently, on June 17, 2020, the Court entered the Order Granting Judgment Creditor Art Remedy LLC's Motion to Commence Proceedings Supplementary to Execution ("Order Commencing Proceedings Supplementary") [DE 109].

The Order Commencing Proceedings Supplementary included a Notice to Appear under § 56.29(2) of the Florida Statutes. Pursuant to the Notice to Appear, Defendants were instructed to

file a response and supporting affidavit, by July 8, 2020, explaining why their "intellectual property in the form of original art (both digital and physical productions) should not be applied to satisfy the Judgment." Defendants did so, and they also incorporated the Motion to Quash in their response to the Notice to Appear [DE 112]. Pursuant to the Motion to Quash, Defendants seek to quash the Notice to Appear as legally insufficient. Specifically, they argue that the Notice to Appear fails to describe the property at issue with reasonable particularity.[1]

The Notice to Appear mechanism is relatively new. It was adopted in 2016 as part of the Florida legislature's overhaul of § 56.29. *See In re Amendments to Fla. Rule of Civil Procedure 1.570 & Form 1.914*, 244 So. 3d 1009, 1010 (Fla. 2018). When a Notice to Appear is issued, it "*must describe with reasonable particularity* the property, debt, or other obligation that may be available to satisfy the judgment." § 56.29(2) (emphasis added). In the few years during which the Notice to Appear procedure has existed, only a handful of decisions have addressed the reasonable particularity requirement. For instance, in the only case cited in the Motion to Quash, the court found that "'[a]ny property' does not capture the 'reasonable particularity'" requirement. *SMS Fin. J, LLC v. Cast-Crete Corp.*, No. 8:18-mc-00008, 2018 WL 1726434, at *2 (M.D. Fla. Apr. 10, 2018). In another case, in this district, the court found that "bank accounts" and "personal property located in Palm Beach" were reasonably particular descriptions. *Yurovskiy v. Impex Point, LLC*, No. 18-81288-CV, 2020 WL 3146499, at *3 (S.D. Fla. June 11, 2020).

As mentioned above, the description included in the Notice to Appear in this case is "intellectual property in the form of original art (both digital and physical productions)." Had the

---

[1] Defendants also contend that they no longer own the property at issue. However, they raise that contention in responding to the merits of the Notice to Appear – meaning it will be an issue for the trial to occur under § 56.29(2) – and not as a ground in support of their Motion to Quash. Instead, the Motion to Quash is limited to Defendants' argument regarding reasonable particularity.

Notice to Appear merely referred to intellectual property, such a description would not have been reasonably particular. However, the Notice to Appear is more particular. Defendants complain that the description in the Notice to Appear "describes a concept, but does not describe any property that can be identified for execution." It appears as if they seek to impose a requirement to *specifically identify* the property at issue. Imposing such a burden would run counter to § 56.29 by demanding a description above and beyond one that is reasonably particular.

In other contexts (not involving proceedings supplementary), courts have noted that whether something is described with reasonable particularity depends on the facts and circumstances, and that whether a description is reasonably particular depends on whether it places one on "reasonable notice of what is called for and what is not." *NITV, LLC v. Computer Voice Stress Testing & Consulting, Inc.*, No. 06-80299-CIV, 2007 WL 9701853, at *2 (S.D. Fla. Feb. 2, 2007) (citations omitted). While facts and circumstances involving property such as a vehicle or real property likely require a greater degree of particularity to be considered reasonable, the facts and circumstances in this case simply do not require a description with greater particularity. That is because the description is sufficient to place Defendants on reasonable notice of the property at issue. Notably, in their response and affidavit, Defendants claim to have sold the subject property. This belies any contention that the Notice to Appear does not provide reasonable notice of the property at issue.[2]

---

[2] It is also worth noting that the Notice to Appear was issued to Defendants, who are the judgment debtors in this case. In other words, absent some applicable exemption or other exception, all of Defendants' property can likely be executed upon in an attempt to satisfy the judgment. This situation is different from the typical situation in which a Notice to Appear is issued to a third party who is not a judgment debtor. Moreover, even though paragraph 4 of the Proceedings Supplementary Motion [DE 107] contained the description ultimately included in the Notice to Appear, Defendants never responded to the Proceedings Supplementary Motion. If they believed the description to be legally insufficient, they should have responded saying so. Because they were parties to the case at the time and received notice of the Proceedings Supplementary Motion,

Furthermore, the parties are at what is essentially the pleading stage. They will still have an opportunity to conduct discovery related to the Notice to Appear and to proceed to trial in accordance with § 56.29(2). Thus, the description in the Notice to Appear is reasonably particular for this stage of the proceeding, especially in light of the other facts and circumstances discussed in this Order.

For the foregoing reasons, it is **ORDERED** and **ADJUDGED** that the Motion to Quash is **DENIED.**

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 29th day of July 2020.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge

---

there is no reason they have for not timely responding (or if such a reason existed, they have not identified it).