UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-61912-STRAUSS

**ART REMEDY LLC,**

    Plaintiff,

v.

**LANA MOES ART, LLC,** *et al.***,**

    Defendants.
_____/

## ORDER

THIS MATTER came before the Court for a hearing on November 6, 2020 upon Plaintiffs' Motion for Final Judgment in Garnishment ("Motion for Judgment") [DE 135], Defendants' Opposition to Motion for Judgment in Garnishment and Cross-Motion to Dissolve Writ ("Cross-Motion to Dissolve Writ") [DE 138], and the Motion to Intervene by Ron Smith and Motion to Dissolve Writ of Garnishment [DE 139] ("Motion to Intervene"). I have reviewed the motions and the pertinent portions of the record. For the reasons stated on the record at the hearing, and for the reasons discussed herein, it is **ORDERED** and **ADJUDGED** that the Motion for Judgment is **DENIED**, the Cross-Motion to Dissolve Writ is **GRANTED**, the Motion to Intervene is **DENIED as moot**, and the Writ of Garnishment [DE 121] previously served upon Wells Fargo Bank, N.A. ("Garnishee") is hereby **DISSOLVED**. The Clerk is **DIRECTED** to unseal docket entry numbers 120, 121, 123, and 124. I find that good cause exists to unseal these docket entries, which pertain to writs of garnishment that have already been served.

## **BACKGROUND**

On September 4, 2020, Plaintiff/Judgment Creditor filed Judgment Creditor's Ex-Parte Motion for Issuance of Writ of Garnishment to Garnishee ("Garnishment Motion") [DE 120], seeking the issuance of a writ of garnishment to Garnishee. The Clerk of Court issued the requested Writ of Garnishment [DE 121] on September 8, 2020. Plaintiff then served the Garnishment Motion and Writ of Garnishment on Garnishee on September 16, 2020 and on Defendants, through their counsel, on September 18, 2020 [DE 122]. Plaintiff's Notice of Service of Writ of Garnishment [DE 122], filed on September 18, 2020, and served on Defendants' counsel via CM/ECF on the same date, also contained a copy of a Notice to Judgment Debtors of Right Against Garnishment of Wages, Money and Other Property. At the November 6, 2020 hearing, Plaintiff's counsel confirmed that Defendants were not personally mailed or served with the aforementioned garnishment documents and that only Defendants' counsel was served (via CM/ECF).

Garnishee filed an Answer [DE 125] to the Writ of Garnishment on September 23, 2020, disclosing the existence of a bank account, containing $1,073.61, in the names of Svetlana Moes, the individual Defendant/Judgment Debtor, and Ronny Smith, who is Ms. Moes' husband. Plaintiff's notice of serving Garnishee's Answer [DE 127] indicates that the Answer was mailed to Defendants' counsel *or* served upon him via CM/ECF. However, Plaintiff's counsel confirmed at the November 6, 2020 hearing that, like the other garnishment documents, Garnishee's Answer was not served on Ms. Moes or Mr. Smith by mail, but only on Defendants' counsel (who has also since appeared on behalf of Mr. Smith).

Following the filing and service of Garnishee's Answer, neither Defendants nor Mr. Smith filed a timely motion to dissolve the Writ of Garnishment or a timely claim of exemption.[1] Consequently, Plaintiff filed its Motion for Judgment [DE 135] on October 16, 2020. Defendants filed a timely response [DE 138] to the Motion for Judgment, seeking dissolution of the Writ of Garnishment. Mr. Smith also separately filed his Motion to Intervene [DE 139], requesting that the Court permit his intervention and dissolve the Writ of Garnishment. In seeking dissolution of the Writ of Garnishment, Defendants and Mr. Smith argue, *inter alia*, that Plaintiff failed to comply with the Florida garnishment statutes by not mailing the required garnishment documents to them at their last known address.

## **ANALYSIS**

Plaintiff's failure to serve the requisite garnishment papers on Defendants and Mr. Smith in the manner provided for under Chapter 77 of the Florida Statutes requires dissolution of the Writ of Garnishment [DE 121]. "Under Florida law, 'it is fundamental that garnishment statutes must be strictly construed.'" *Bozo v. Bozo*, No. 12-CV-24174, 2013 WL 12128681, at *2 (S.D. Fla. Sept. 18, 2013) (quoting *Williams v. Espririto Santo Bank of Fla.*, 656 So. 2d 212, 213 (Fla. 3d DCA 1995)).

Relevant here are sections 77.041 and 77.055 of the Florida Statutes. Under section 77.041:

> The plaintiff *must mail*, by first class, a copy of the writ of garnishment, a copy of the motion for writ of garnishment, and, if the defendant is an individual, the "Notice to Defendant" *to the defendant's last known address* within 5 business days after the writ is issued or 3 business days after the writ is served on the garnishee, whichever is later. However, if such documents are returned as undeliverable by the post office, or if the last known address is not discoverable after diligent search, the plaintiff must mail, by first class, the documents to the defendant at the

---

[1] There is no dispute that the time to file a motion to dissolve or a claim of exemption passed *if* Plaintiff's service of the garnishment documents was proper.

> defendant's place of employment. The plaintiff shall file in the proceeding a certificate of such service.

§ 77.041(2) (emphasis added).

Additionally, section 77.055 provides as follows:

> Service of garnishee's answer and notice of right to dissolve writ.—Within 5 days after service of the garnishee's answer on the plaintiff or after the time period for the garnishee's answer has expired, the plaintiff *shall serve, by mail*, the following documents: a copy of the garnishee's answer, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue. *The plaintiff shall serve these documents on the defendant at the defendant's last known address and any other address disclosed by the garnishee's answer and on any other person disclosed in the garnishee's answer to have any ownership interest in the deposit, account, or property controlled by the garnishee*. The plaintiff shall file in the proceeding a certificate of such service.

§ 77.055 (emphasis added).

Although Plaintiff served the documents required under sections 77.041 and 77.055 on Defendants' counsel, the plain language of the statutes required Plaintiff to serve the documents on Defendants "by mail" at their last known address (under section 77.041, if discoverable after diligent search, an issue not in dispute). However, Plaintiff admittedly did not do so, and service on counsel alone is legally insufficient. *See Bozo*, 2013 WL 12128681, at *2. Moreover, Plaintiff was required to serve the documents set forth in section 77.055 on Mr. Smith as well, who was identified in the Garnishee's Answer. However, Defendants' counsel was not even Mr. Smith's counsel of record at the time. Accordingly, service was improper as a matter of law. It is also too late to remedy the service issues given the strict time limits for service contained in sections 77.041 and 77.055.

For the foregoing reasons, I find that the Writ of Garnishment should be dissolved. *See Wiand for Valhalla Inv. Partners, L.P. v. Lee*, No. 8:10-CV-210-T-17MAP, 2013 WL 12198454,

at *1 (M.D. Fla. Oct. 31, 2013) (dissolving writ of garnishment due to the "fail[ure] to adhere to the mailing requirements imposed in Florida's garnishment scheme").

## CONCLUSION

The Motion for Judgment [DE 135] is **DENIED**, the Cross-Motion to Dissolve Writ [DE 138] is **GRANTED**, the Motion to Intervene [DE 139] is **DENIED as moot**, and the Writ of Garnishment [DE 121] is **DISSOLVED**. The Clerk is **DIRECTED** to unseal docket entry numbers 120, 121, 123, and 124.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 19th day of November 2020.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge